# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

| | |
|---|---|
| **In Re:** | **Case No. 09-3917-JDP** |
| JEFFREY ALAN KEARNS, | **Chapter 7** |
| Debtor. | |

_____

## MEMORANDUM OF DECISION
_____

**Appearances:**

    Jeffrey Kaufman, LAW OFFICES OF D. BLAIR CLARK, PLLC, Boise, Idaho, Attorney for Debtor.

    Joseph Meier, COSHO HUMPHREY, LLP, Boise, Idaho, Attorney for Creditor FastBucks of Garden City, Idaho, LLC.

*Introduction*

On December 22, 2009, Debtor Jeffrey A. Kearns ("Debtor") filed a Motion for Determination of Contempt, in which he alleged one of his creditors, FastBucks of Garden City, Idaho, LLC ("FastBucks"), had violated the automatic stay in effect in his bankruptcy case. Debtor sought

MEMORANDUM OF DECISION - 1

recovery of damages from Fastbacks as a sanction pursuant to § 362(k)(1)[1]

and § 105(a). Docket No. 18. FastBucks objected to the motion. Docket

No. 24.

A hearing on the motion was conducted on March 4, 2010, at which both Debtor and FastBucks appeared through counsel.[2] Documentary exhibits were offered by the parties and admitted into evidence, and two witnesses testified. At the conclusion of the evidence, counsel for the parties offered oral arguments. In addition, at the Court's invitation, the parties filed post-hearing briefs. Docket Nos. 37, 38. Having now

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 - 1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 - 9037.

[2] The hearing was originally scheduled for February 3, 2010. That day, Stephen L. Solomon both filed the response to Debtor's motion, and appeared at the hearing, explaining that he was doing so *pro se* in his capacity as Vice President of the managing member of FastBucks. Mr. Solomon represented that he is an attorney and licensed to practice law in Texas. However, he acknowledged he is not licensed in Idaho. When the Court explained to Mr. Solomon that it was not only a violation of Local Bankruptcy Rule 9010.1, but also Idaho statutes, for a person, other than a member of the Court's bar, to practice law by representing a corporation in a court hearing, Mr. Solomon reconsidered his plan, and FastBucks was granted a brief continuance to retain Idaho counsel, which it did.

MEMORANDUM OF DECISION - 2

considered the evidence and record, the arguments and submissions of the parties, and the applicable law, this Memorandum sets forth the Court's findings and conclusions and disposes of the issues.  Rules 7052, 9014.

*Facts*

The facts are undisputed and straight-forward.

On December 4, 2009, Debtor obtained what the Court understands to be a classic "payday loan" from FastBucks.  More precisely, that day Debtor borrowed $800 from FastBucks.  In return, Debtor gave FastBucks his personal check for $968, drawn on his account at Wells Fargo Bank, dated December 19, 2009.  *See* Ex. B.  The parties also executed a "Deferred Deposit Loan Agreement and Disclosure Statement," *see* Ex. 104, wherein FastBucks agreed to defer negotiation of Debtor's check until December 19, 2009.

One week later, on December 11, 2009, Debtor filed a petition for relief under chapter 7 of the Bankruptcy Code.  Via letter from his attorney dated December 14, 2009, Debtor notified FastBucks of his bankruptcy filing, and instructed FastBucks to cease all collection efforts, "including

MEMORANDUM OF DECISION - 3

the cashing of any post-dated checks or the withdrawal of funds from any of [Debtor's] bank accounts by or through electronic means." Ex. A.

FastBucks acknowledges it received the letter. Even so, on December 19, 2009, FastBucks presented Debtor's personal check at a Wells Fargo Bank branch and exchanged it for a cashier's check for the same amount. Ex. 105.

Three days later, Debtor filed the contempt motion against FastBucks. In the motion, Debtor alleges that FastBucks' act of presenting the post-dated check to the bank, and effectively acquiring funds from Debtor's account, constitutes an act to collect, assess, or recover a prebankruptcy claim against Debtor. As such, Debtor contends FastBucks violated § 362(a)(6), and that the exception to the automatic stay for presentment of negotiable instruments in § 362(b)(11) did not apply in this case. Debtor requests that FastBucks be held in contempt for its actions, and seeks sanctions in the form of a return of the $968 to Debtor, as well as

MEMORANDUM OF DECISION - 4

recovery of his attorney fees incurred in pursuing this relief.[3]

### *Discussion*

The automatic stay is one of the fundamental protections afforded to debtors in bankruptcy. *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1214 (9th Cir. 2002). Under § 362(a), the filing of a bankruptcy petition, among other things, "operates as a stay, applicable to all entities, of the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor . . .; the enforcement . . . of a judgment . . .; any act to obtain possession of property of the estate . . .; [and] any act to create, perfect, or enforce any lien . . . ." *Sternberg v. Johnston*, 595 F.3d 937, 943 (9th Cir. 2010). The scope of the stay is very broad, and subject only to limited exceptions. *Stringer v. Huet (In re Stringer)*, 847 F.2d 549, 552 (9th Cir. 1988) ("Congress clearly intended the

---

[3] At the initial hearing in February, Debtor's counsel represented that the $968 check was satisfied entirely with funds deposited into Debtor's bank account post-petition. At the continued hearing, Debtor's counsel further represented that Debtor did not incur any additional charges or bank fees as a result of the bank honoring the check. Debtor did not request punitive damages, and no other evidence of additional damages – over and above the $968 – was introduced.

MEMORANDUM OF DECISION - 5

automatic stay to be quite broad. Exceptions to the stay, on the other hand, should be read narrowly....").

Indisputably, FastBucks' conduct in cashing Debtor's post-dated check was an act to collect a prebankruptcy debt. Normally, FastBucks' actions would have violated the automatic stay. However, FastBucks' position in this case is that its actions fell within an exception to the automatic stay, § 362(b)(11). That section provides:

> (b) The filing of a petition under section 301 . . . does not operate as a stay –
>
> * * *
>
> (11) under subsection (a) of this section, of the presentment of a negotiable instrument and the giving of notice of and protesting dishonor of such an instrument[.]

11 U.S.C. § 362(b)(11). Debtor argues that § 362(b)(11) does not apply under these facts. Debtor relies, in part, upon the decision of the Ninth Circuit Bankruptcy Appellate Panel in *Hines v. Gordon (In re Hines)*, 198 B.R. 769 (9th Cir. BAP 1996).

In *Hines*, the debtor hired attorney Gordon to represent her in

MEMORANDUM OF DECISION - 6

converting her chapter 13 bankruptcy case to a chapter 7 case. The debtor agreed to pay Gordon $875 for his services in installments, and gave the lawyer seven post-dated personal checks of $125 each to accomplish this. The first of the checks was to be cashed prior to the conversion, with the remainder to be cashed afterwards. Later, dissatisfied with Gordon's work, the debtor decided to retain different counsel. But by that time, three of her checks had been cashed by Gordon. Per her new lawyer's advice, the debtor stopped payment on the remaining post-dated checks. As a result of the stop payment orders, Gordon's law office sent the debtor a notice that her account was past due and called and left a similar message on the debtor's answering machine. When the debtor returned the phone call, an employee in Gordon's office ordered her to bring the account current. The debtor responded to these actions by filing a motion for contempt against Gordon. The bankruptcy court denied that motion, and the debtor appealed.

On appeal, the BAP analyzed whether § 362(b)(11) applied to except Gordon's actions from the scope of the automatic stay. Citing a decision

MEMORANDUM OF DECISION - 7

from the Seventh Circuit, the Panel explained that, in order to determine whether an act falls within this exception, it must first determine that (1) there is a "negotiable instrument" and (2) that there had been a "presentment" of the instrument. *In re Hines*, 198 B.R. at 772 (citing *Roete v. Smith (In re Roete)*, 936 F.2d 963 (7th Cir. 1991)). While the Panel concluded that the debtor's checks given to Gordon were clearly negotiable instruments, the question of whether a proper presentment had been made was more difficult. It noted that "presentment," as defined by the California Commercial Code, is "a demand made by or on behalf of a person entitled to enforce an instrument[.]" *Id.* (citing Cal. Com. Code § 3501(a)). However, it further observed that under California's Commercial Code § 3305, "one is not entitled to enforce an instrument where a defense to the enforcement is a discharge in bankruptcy." *Id.* Therefore, the Panel reasoned:

> In this case, the debt to Gordon was dischargeable in Hines' bankruptcy case. Therefore, Gordon was not entitled to enforce the postdated checks. Consequently, Gordon could not have presented the negotiable instruments in accordance with the California Commercial Code. As a result,

MEMORANDUM OF DECISION - 8

> § 362(b)(11) does not protect Gordon's acts from constituting a violation of the automatic stay.

*Id.* at 772-73.  The Panel reversed the order of the bankruptcy court denying the debtor's motion for contempt.

Debtor asks the Court to apply similar logic here.  He argues that Idaho Code § 28-3-305[4] is virtually identical to the California statute referenced by the BAP in *Hines*.  Debtor therefore contends that FastBucks could not have made a valid presentment of the check under Idaho law.[5]

In response to Debtor's argument, FastBucks points out that the BAP's decision in *Hines* was overruled on appeal to the Ninth Circuit Court of Appeals.  *Gordon v. Hines (In re Hines)*, 147 F.3d 1185 (9th Cir. 1998).  In its decision, the court concluded that because Gordon's services

---

[4]  Idaho Code § 28-3-305(1) provides:

> Except as stated in subsection (2) of this section, the right to enforce the obligation of a party to pay an instrument is subject to the following:  (a) A defense of the obligor based on . . . (iv) discharge of the obligor in insolvency proceedings[.]

[5]  Neither of the parties dispute that Debtor's post-dated check to FastBucks is a negotiable instrument.

MEMORANDUM OF DECISION - 9

were provided to the debtor after she filed for bankruptcy, her debt to the lawyer was not subject to discharge in her bankruptcy case. As a result, the Ninth Circuit rejected the notion that the debtor had a valid defense to the presentment of the checks by Gordon; it concluded instead that no stay violation occurred, and reversed the BAP's decision. *Id.* at 1192. FastBucks contends that by its reversal, the Ninth Circuit intended to negate any precedential value of the BAP's decision. To support this argument, FastBucks points to the conclusion of the opinion, where the Ninth Circuit panel holds that, "[w]e REVERSE the BAP decision *in its entirety*[.]" *Id.* (emphasis added).

As he must, Debtor acknowledges that the BAP decision was reversed by the Ninth Circuit. However, he contends that the circuit panel reversed the BAP on "other grounds" and did not directly address § 362(b)(11).[6] As a result, Debtor insists the BAP's analysis should still

---

[6] Several other bankruptcy courts have cited *Hines*, and noted that it was reversed on "other grounds." *See In re Snowden*, 422 B.R. 737, 741 (Bankr. W.D. Wash. 2009); *In re Jastrem*, 224 B.R. 125, 128 (Bankr. E.D. Cal. 1998).

MEMORANDUM OF DECISION - 10

carry some weight.

Although Debtor's argument has some appeal, the Court disagrees that the Ninth Circuit's reversal left the substantive ruling of the BAP in *Hines* completely intact.  While it is true that the Ninth Circuit did not address § 362(b)(11) in depth in its decision, it did explain:

> In light of the unsettled state of the law in this area when Gordon acted, and particularly in view of the potential alternative analysis described earlier, we uphold the bankruptcy court's determination rather than that of the BAP as to the nonviolation of the automatic stay.  And a fortiori we uphold the bankruptcy court's denial of Hines' motion that Gordon be held in contempt for willful violation of the statutory stay (even giving "willful" the narrow no-specific intent reading set out in *Pinkstaff v. United States (In re Pinkstaff)*, 974 F.2d 113, 115 (9th Cir. 1992)).

*In re Hines*, 147 F.3d at 1191-92.  While not altogether clear, in the Court's view, these comments are sufficient to call the BAP's analysis of the § 362(b)(11) issue into question.

Moreover, even without the Circuit's decision in *Hines*, there is another reason why this Court should regard the BAP's analysis in *Hines* with caution.  As discussed above, in the Panel's decision, it correctly

MEMORANDUM OF DECISION - 11

noted that under California law, the right to present and enforce an instrument is subject to a defense "based on . . . discharge of the obligor in insolvency proceedings." *See In re Hines*, 198 B.R. at 772. Therefore, in reaching its decision, the Panel apparently concluded that the debtor could raise a defense to the presentment of her checks because her debt to Gordon was "dischargeable" in her bankruptcy case. *Id.* As it turns out, though, Hines had not yet received a discharge when the creditor presented the checks to the bank for payment.

The BAP's willingness to recognize a defense under state law by the debtor to presentment of an instrument for a "dischargeable" debt, as compared to a "discharged" debt, has been criticized in several other decisions. *See Thomas v. Money Mart Fin. Servs., Inc. (In re Thomas)*, 317 B.R. 776, 779 (8th Cir. BAP 2004), *aff'd*, 428 F.3d 735 (8th Cir. 2005); *In re Snowden*, 422 B.R. 737, 744 (Bankr. W.D. Wash. 2009) (recognizing that the criticism is that *Hines* conflates "discharge and dischargeability"). As the Eighth Circuit explained:

MEMORANDUM OF DECISION - 12

> We disagree with *Hines*.  A plain reading of the Missouri
> statute shows that it, like the California statute, requires the
> obligor to have received the discharge-not merely to have the
> possibility of receiving a discharge in the future.  Discharge is
> a specific occurrence in a bankruptcy case, effected by court
> order, and is not guaranteed merely by the filing of a petition
> for relief.  For instance, discharge is not granted when the
> debtor fails to meet the statutory requirements for discharge
> under [§ 727], or when the case is dismissed under [§ 707].
> *Hines*, however, ignores this important distinction and
> effectively expands "discharge" to include "potential
> discharge," allowing the obligor to benefit from a discharge it
> has not yet earned.  Moreover, it interprets the state statute not
> to complement federal bankruptcy law, *see, e.g.,* [§ 524]
> (providing that discharge permanently enjoins the collection
> or enforcement of a prepetition debt), but to undermine it.
> The practical effect of *Hines* is to render meaningless
> § 362(b)(11) in any state with this common statutory language.

*In re Thomas*, 428 F.3d at 737-738.

Like the debtor in *Hines*, in this case, Debtor had not received a discharge at the time of presentment of the challenged checks.  Indeed, as of yet, Debtor has still not received a discharge.[7]  This is a critical fact under Idaho law, in that until a debt is discharged, the debtor has no defense to presentment of a negotiable instrument.  Put another way, the

---

[7] Debtor is paying his filing fees in installments.  He has yet to complete those payments.  A discharge will be entered promptly if, and when he does.

MEMORANDUM OF DECISION - 13

Court agrees with the courts in *Thomas* and *Snowden* and declines to equate the prospect that Debtor may receive a discharge of his obligation to FastBucks in the future, with the situation where, when the creditor presented the instrument, the debt had already been discharged.  Because it failed to appreciate this important distinction, this Court also declines to follow *Hines*.

Based upon what he perceives as the purpose of the stay exception, Debtor makes an alternative argument.  He contends that the Court should hold that FastBucks' actions fall outside of the shelter of § 362(b)(11) because the presentment of his check was not accomplished contemporaneously to the time that the loan was made to Debtor.  But this argument is unpersuasive.

It is true that, most commonly, § 362(b)(11) operates to protect those who receives checks from a debtor for goods and services provided contemporaneously from a possible stay violation when the debtor files bankruptcy very shortly thereafter.  However, the Supreme Court has mandated that in construing the Code, unless the statute is determined to

MEMORANDUM OF DECISION - 14

be ambiguous, courts must follow the statutory language.  *See Lamie v. United States Trustee*, 540 U.S. 526, 534 (2004).  By its terms, § 362(b)(11) does not exclude transactions involving post-dated, allegedly "noncontemporaneous" checks, nor is there any restriction on the timing of presentment of the instrument in relation to the credit transaction.  The Court declines to read such a requirement into an otherwise unambiguous statute.[8]

/ /

/ /

/ /

/ /

/ /

---

[8] Of course, § 362(b)(11) does not authorize transfer of estate property from a debtor's bank account to the creditor; post-petition transfers of funds from a debtor's checking account would be avoidable under § 549(a).  *Wittman v. State Farm Life Ins. Co. (In re Mills)*, 176 B.R. 924, 925-26 (D. Kan. 1994); *see also Blasco v. Money Servs. Ctr. (In re Blasco)*, 352 B.R. 888, 895 (Bankr. N.D. Ala. 2006).  Here, recall, the check to FastBucks was paid with funds deposited by Debtor in his account *after* he filed for bankruptcy, or in other words, non-estate funds.  Because of this, § 549 is not implicated in this case.

MEMORANDUM OF DECISION - 15

*Conclusion*

For these reasons, the Court concludes that the filing of Debtor's petition did not operate to stay FastBucks' presentment of Debtor's post-dated check. Debtor's Motion for Determination of Contempt will be denied by separate order.

Dated: March 30, 2010

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge